[Cite as *McCall v. Great Lakes Constr. Co.*, 2021-Ohio-582.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

MICHAEL W. MCCALL,                    :

    Plaintiff-Appellant,          :

                               No. 109349

    v.                            :

THE GREAT LAKES CONSTRUCTION   :
COMPANY, ET AL.,

                                :

    Defendants-Appellees.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 4, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-871681

---

### *Appearances:*

Michael W. McCall, *pro se.*

Frantz Ward L.L.P., Maris McNamara, Marc Sanchez, and
Angela D. Lydon, *for appellee.*

MARY EILEEN KILBANE, J.:

{¶ 1} Pro se plaintiff-appellant, Michael McCall ("McCall"), appeals the
trial court's decision to reassign the trial of his case to a visiting judge on the day

of trial because of a scheduling conflict. For the reasons that follow, we affirm the trial court's decision.

**Factual and Procedural History**

{¶ 2} This case stems from McCall's appeal under R.C. 4123.512, denying McCall's claim for workers' compensation benefits for the condition of "depressive disorder NOS." McCall suffered a workplace injury to his left knee on November 7, 2006. McCall made a claim against his self-insured employer, defendant-appellee, The Great Lakes Construction Company ("Great Lakes"), who approved the conditions of left-knee sprain/strain and a left-knee medial meniscal tear.

{¶ 3} More than seven years later, on January 8, 2014, McCall submitted a request for an additional allowance of "depressive disorder NOS" from his initial knee injury. A hearing took place before a district hearing officer of the Industrial Commission of Ohio on April 4, 2014. The district hearing officer denied the claim for depressive disorder NOS. McCall appealed the denial and a subsequent hearing took place on May 19, 2014, with a staff hearing officer, who affirmed the district hearing officer's decision. McCall requested an appeal from the Industrial Commission of Ohio, which denied McCall's appeal of the staff hearing officer's order.

{¶ 4} On August 13, 2014, pursuant to R.C. 4123.512, McCall appealed the denial of his claim to the Medina County Court of Common Pleas. After being transferred to the Cuyahoga County Common Pleas Court General Division, the case was voluntarily dismissed on November 13, 2015. McCall refiled his case one

year later on November 9, 2016, and after several continuances, the trial was scheduled for December 2, 2019.

{¶ 5} On December 4, 2019, the trial court informed the parties that due to a conflict on the docket, the case was going to be referred to the administrative judge for reassignment to a visiting judge so the trial could go forward. Significantly, McCall did not object to the court's reassignment of the case to the visiting judge. The case was reassigned to a visiting judge, and the parties were taken to the old courthouse across the street. After initial pretrial discussions, a jury was impaneled, and the trial went forward.

{¶ 6} For trial, McCall had subpoenaed several witnesses, including a treating doctor, to testify; however, the docket reflects that only the subpoena to his doctor was served. The visiting judge was as accommodating to McCall as she could be, giving McCall several opportunities to contact his witnesses because of his concern that the relocation to the visiting judge's courtroom would confuse his witnesses. The visiting judge went so far as to adjourn early on the first day of trial to enable McCall to contact his witnesses. McCall was unable to contact any witness besides his doctor, who stated he was unable to testify without his entire medical file. The next day McCall called himself, testified as to his injuries, and rested.

{¶ 7} At that point, Great Lakes moved for a directed verdict on the grounds that McCall failed to meet his burden to prove, with expert medical testimony, that his depressive disorder NOS condition was a result of his original,

on-the-job, left-knee injury, such that he was entitled to participate in the workers' compensation fund. The court granted the motion for directed verdict.

{¶ 8} This appeal follows. McCall presents one assignment of error for our review.

## Assignment of Error

I. On 12-02-2019, the trial of this case was reassigned to a visiting judge due to a conflict on the original trial court's docket.

## Legal Analysis

{¶ 9} McCall's only assignment of error challenges the trial court's decision to reassign his case to be tried by a visiting judge. At the onset we note that the trial court has authority to reassign a case pursuant to Sup.R. 4(B), which authorizes the administrative judge to "assign cases to individual judges of the court or division * * *."

{¶ 10} Furthermore, the Supreme Court of Ohio has held that "[a] party may timely object to the authority of a visiting judge on the basis of an improper case transfer or assignment, but failure to timely enter such an objection waives the procedural error." *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 17; *accord State v. Stansell*, 2d Dist. Montgomery No. 23630, 2010-Ohio-5756, ¶ 28-30 (holding "[b]ecause Stansell did not object to the assignment to the visiting judge, he failed to preserve the error and has waived it for purposes of appellate review"); *State v. Waltzer*, 8th Dist. Cuyahoga No. 94444, 2011-Ohio-5147, ¶ 9; *State v. Laster*, 2d Dist. Montgomery No. 27762, 2018-Ohio-3601, ¶ 11.

**{¶ 11}** McCall's brief fails to point to any evidence in the record or trial transcript demonstrating that he objected to his case being assigned to a visiting judge. Because McCall never objected to the assignment, he failed to preserve any possible error and waived the issue for the purposes of this review. *In re J.J.* at ¶ 17. Furthermore, even if McCall had objected to the transfer, there is no evidence in the record that he was prejudiced by the transfer.

**{¶ 12}** Therefore, we overrule McCall's single assignment of error and affirm the case transfer and the trial court's directed verdict in favor of appellee, The Great Lakes Construction Company.

**{¶ 13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MARY J. BOYLE, A.J., and
EILEEN T. GALLAGHER, J., CONCUR